# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| KIMBERLY LANE,<br><br>    Plaintiff,<br><br>v.<br><br>ACCREDITED COLLECTION AGENCY INC.;<br>ACA RECOVERY;<br>KELLY GREY; and<br>DOE 1-5<br><br>    Defendant. | Civil Action No. 6:13-cv-530-GKS-GJK |

## PLAINTIFF'S MOTION AND MEMORANDA IN SUPPORT OF ENTRY OF DEFAULT JUDGMENT AND ATTORNEYS FEES

KIMBERLY LANE (hereinafter "Plaintiff"), pursuant to FRCP 55(b)(2), respectfully requests this Honorable Court to enter Default Judgment against Defendant ACCREDITED COLLECTION AGENCY, INC. (hereinafter "Defendant") and to award Plaintiff $7,742.92 in damages.

### I. PROCEDURAL BACKGROUND.

On April 1, 2013, Plaintiff filed suit against Defendant alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.). Defendant was served with the lawsuit on July 8, 2013. Defendant failed to file a responsive pleading or otherwise appear in any manner. On August 22, 2013, Plaintiff filed a Request for Entry of Default, which the Court

entered on the same date.  Defendant did not move to set aside the Entry of Default or otherwise appear.

## II. CASE IS RIPE OF ENTRY OF DEFAULT JUDGMENT.

Plaintiff states the following in support of the requested Default Judgment:

1.) Defendant was sued on April 1, 2013 and served with the summons on July 8, 2013.  (See Exhibit A).

2.) As the record reveals, Defendant failed to file a responsive pleading or otherwise appear.

3.) The Clerk of this Court entered a Default as to Defendant on August 22, 2013.

4.) Defendant is not a minor or an incompetent person.

5.) The Service Members Civil Relief Act does not apply to this company Defendant.

6.) Defendant was served with the Request for Entry of Default.  (See Exhibit B).

7.) In light of the foregoing, it is highly unlikely that Defendant's default was the result of excusable neglect.

## III. PLAINTIFF'S COMPLAINT SUPPORTS THE PROPOSED DEFAULT JUDGMENT.

**Plaintiff's Factual Allegations Support Plaintiff's claims.**

In her Complaint, Plaintiff made the following allegations in support of her claims under the Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.):

1.) Defendant is a "debt collector" as defined in 15 U.S.C. 1692a.

2.) Defendant was contacting Plaintiff in attempt to collect a consumer debt allegedly owed by Plaintiff.

3.) At various times between April and June 2012, Defendant called Plaintiff at her work number threatening to come to her place of employment, serve her with a subpoena, and/or have her arrested.

4.) At around the end of June 2012, Defendant called Plaintiff on her work number. Plaintiff advised Defendant that such calls to her work number were prohibited and asked Defendant to remove her work number from their contact list. Defendant responded that they could not remove Plaintiff's work number. Plaintiff protested, warning Defendant that it was illegal for them to harass her at work. Defendant advised Plaintiff that they would not call her work number, but that she needed to give them a call.

5.) On July 12, 2012, Defendant called Plaintiff at work and left a voice mail message on Plaintiff's work voicemail, the content of which is as follows:

"Hi Kimberly, this is Kelly Grey and I'm asking you to please return my call. My number is 800-356-3713. Reference number 99FJ5B. Thank you."

6.) On July 20, 2012, Defendant left a second voice mail message on Plaintiff's work voicemail, the content of which is as follows:

"Hi Ms. Lane, this is Kelly Grey. I'm calling regarding our conversation on July the 12th. Ma'am, this has to be resolved today. If I don't hear from you today… don't tell me you're no longer employed with the company because I know that you are. Please contact me at 800-356-3713 and reference number 99FJ5B. I will submit documents to pursue the debt because you are showing no interest whatsoever with this account. Thank you."

7.) On August 6, 2012, Plaintiff took a day off work.  Upon her return on August 7, Plaintiff learned that Defendant had called, bypassed her extension, and left a message with a co-worker.  Plaintiff became distraught and very concerned with the possibility of her employment being terminated as a result of Defendant's calls to her workplace.

8.) Defendant failed to provide Plaintiff with the debt validation information required pursuant to 15 U.S.C. 1692g.

9.) Gravely concerned and distressed with Defendant's threats and calls to her workplace, Plaintiff obtained counsel with Centennial law offices.  Defendant advised Plaintiff's counsel that there was no litigation pending against Plaintiff.  Plaintiff's counsel was not able to identify any litigation pending against Plaintiff.

**Plaintiff's allegations support her first cause of action ("Count I").**

Plaintiff alleged that Defendant violated 15 U.S.C. 1692g by failing to provide the requisite validation information on the alleged debt within five days of the initial communication with Plaintiff.  15 U.S.C 1692g mandates that a debt collector provide a consumer with validation information concerning an alleged debt as follows:

(a) Notice of debt; contents

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

>    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Plaintiff submits that Defendant failed to provide the debt information as mandated by 15 U.S.C. 1692g and therefore violated the same.

**Plaintiff's allegations support her second cause of action ("Count II").**

Plaintiff submits that Defendant violated 15 U.S.C. 1692d(6) and 1692e(11) by leaving messages for Plaintiff in which Defendant failed to disclose the name of their company, that the call was from a debt collector, and that the call was being made in an attempt to collect a debt. Debt collectors must disclose in every communication that the communication is from a debt collector. (*Schwarm v. Craighead* 552 F.Supp.2d 1056, 1081-1082; *Hosseinzadeh v. M.R.S. Associates, Inc.* (CD CA 2005), 387 F. Supp.2d 1104).  A debt collector placing telephone calls must make a "meaningful disclosure" of her or her identity.  (*Hosseinzadeh v. M.R.S. Associates, Inc.* 387 F. Supp.2d 1104; *Edwards v. Niagra Credit Solutions, Inc.* 586 F.Supp.2d 1346,1352). Although a collection agency's messages contained no harassing language, they violated §1692d(6) by not the identifying caller as a collection agency's employee or stating that the call was an attempt to collect a debt.  (*Baker v. Allstate Fin'l Services, Inc.* 554 F.Supp.2d 945, 949). The *Baker* court noted that courts have uniformly held §1692d(6) requires debt collectors to disclose caller's name, collection agency's name, and the nature of the agency's business.  This

disclosure requirement applies to both live calls and automated messages.  (*Joseph v. J.J. Mac Intyre Cos., LLC.*  (ND CA 2003), 281 F.Supp.2d 1156, 1163).

**Plaintiff's allegations support her third cause of action ("Count III").**

Plaintiff submits that Defendant violated 15 U.S.C. 1692d and 1692e, particularly subsections 1692e(4), 1692e(5), and 1692e(10) by engaging in misrepresentations as follows: 1.) Defendant misrepresented and threatened Plaintiff that the matter of her debt was actually being litigated and that she would be served with legal process; and 2.) Defendant falsely claimed that nonpayment of the debt would result in Plaintiff's arrest.

The pertinent part of 15 U.S.C. 1692d reads as follows:

> Sec. 1692d. Harassment or abuse
> A debt collector may not engage in any conduct the natural
> consequence of which is to harass, oppress, or abuse any person in
> connection with the collection of a debt.

Plaintiff submits that the making of false threats that her debt was being litigated and that she may be arrested, establishes conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

In evaluating 1692d violations, courts have used a consumer protection principle analogous to the "least sophisticated debtor" standard). Thus, 1692d claims are viewed from the "perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse." (*Hosseinzadeh v. M.R.S. Assocs., Inc.* 387 F.Supp.2d 1104,1110); *Masudav. Thomas Richards & Co.* 759 F.Supp. 1456,1465).

The pertinent part of 15 U.S.C. 1692e reads as follows:

6

15 USC § 1692e - False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.
(2) The false representation of—
(A) the character, amount, or legal status of any debt; or
(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
(6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to—
(A) lose any claim or defense to payment of the debt; or
(B) become subject to any practice prohibited by this subchapter.
(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.
(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Plaintiff submits that Defendant violated 1692e(4), 1692e(5), 1692e(7), and 1692e(10), by misrepresenting that her debt was being litigated and threatening Plaintiff with arrest. A collector may not make any threat that it either does not intend to take or is otherwise beyond its immediate means. (*Masciarelli v. Richard J. Boudreau & Associates, LLC.*, 529 F.Supp.2d 183, 186).

**Plaintiff's allegations support her fourth cause of action ("Count IV").**

The pertinent part of 15 U.S.C. 1692f reads as follows: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. (15 U.S.C. 1692f)." Plaintiff submits that Defendant violated 1692f by misrepresenting that her debt was being litigated and threatening her with arrest.

## IV. DAMAGES

### A.) Damages Available Under the Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act provides for statutory damages as the court may allow, but not exceeding $1,000; any actual damage sustained by such person, and the costs of the action, together with a reasonable attorney's fee as determined by the court. (15 U.S.C. 1692k). Plaintiff seeks $1,000 in statutory damages, $3,000.00 in actual damages, $17.92 in costs, and $3,742.92 in attorney's fees.

### B.) Evidence Supports the Statutory Damages Sought.

The statutory damages available under the Fair Debt Collection Practices Act have not changed since enacted in 1977. Adjusting for inflation, $1,000 in 1977 would be $3,780.59 in 2012. (Calculated using the "CPI Inflation Calculator" available from the United States Department of Labor Bureau of Labor Statistics). As such, today's victims of FDCPA violations recover comparatively little in relation to the original intent of the Act. Plaintiff suffered from multiple separate violations of the Act, one or more of which are malicious in nature. Plaintiff therefore prays for $1,000 in statutory damages.

### C.) Evidence Supports the Actual Damages Sought.

Plaintiff alleged that Defendant continued to call her at her place of employment after being advised that such calls were prohibited. Further, Defendant misrepresented that Plaintiff's debt was being litigated and that she was subject to arrest. Defendant's actions jeopardized Plaintiff's employment. Plaintiff suffered from nervousness, anxiety, and lack of sleep. (See Exhibit G for Plaintiff's Declaration).

Actual damages as contemplated under 15 U.S.C. 1692k(a)(1) may include compensation for humiliation, embarrassment, anguish, or emotional distress. (*Myers v. LHR, Inc.* (2008) 543 F. Supp.2d 1215, 1218; *Tallon v. Llord & McDaniel*, (2007) 497 F.Supp.2d 847, 850; *McGrady v. Nissan Motor Acceptance Corp.*, (1998) 40 F. Supp. 2d 1323, 1337-1339). Damages for emotional distress have been awarded without a showing of the elements otherwise necessary to recover under theories of negligence or intentional infliction of emotional distress. (*Riley v. Giguiere*, (2009) 631 F.Supp.2d 1295, 1315-1316; *Davis v. Creditors Interchange Receivable Management, LLC*, (2008) 585 F.Supp.2d 968, 297). Emotional distress can be shown without additional evidence where the alleged conduct is egregious or the "circumstances make it obvious that a reasonable person would suffer significant emotional harm." *Fausto v. Credigy Services Corp.,* (2009) 598 F.Supp2d 1049, 1055. Plaintiff submits that Defendant engaged in egregious conduct, the results of which would cause the reasonable person, including Plaintiff, to suffer from emotional distress.

### D.) Evidence, Public Policy, and Case Law Support the Costs and Attorney's Fees Sought.

15 U.S.C. 1692k(a) provides that a victim of an FDCPA violation may recover the (costs of the action, together with a reasonable attorney's fee as determined by the court." An award of

attorney's fees under an FDCPA action is mandatory.  (*Tolentino v. Friedman*, 46 F.3d 645, 651-652; *Lee v. Thomas & Thomas*, 109 F.3d 302, 307).  The *Tolentino* court noted:

> "Given the structure of the section [15 U.S.C. 1692k], attorneys' fees should not be construed as a special or discretionary remedy; rather, the act mandates an award of attorneys' fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." (*Tolentino v. Friedman*, 46 F.3d 645, 651-652).

Reasonable attorney's fees are also to include work performed by paralegals and others in support of the attorney.  (*Missouri v. Jenkins*, 491 U.S. 274, 285).

      Plaintiff's lead counsel, Robert Amador of Centennial Law Offices, practices almost exclusively in consumer protection law and has represented consumers in Fair Debt Collection Practices Act cases in over 30 U.S. District Courts in jurisdictions across the country.  Plaintiff's lead counsel, a California attorney, is a member of the bar of the U.S. District Court for Colorado, the U.S. District Court for the Eastern District of Michigan, the U.S. District Court for the Western District of Michigan, the U.S. District Court for the Northern District of Florida, and the U.S. District Court for the Western District of New York.  Plaintiff's lead counsel, in FDCPA cases as well as with all other matters, bills at a rate of $300.00 per hour for attorney time and $50.00 per hour for paralegal/staff time.  Plaintiff's local counsel, Megan Lyons, is contracted at a rate of $300.00 per hour by Centennial Law Offices.

      Plaintiff submits that the hourly rate of $300.00 is reasonable.  Data collected from the 2007 National Law Journal billing survey revealed that the median billing rate for a partner is at or in excess of $300.00 per hour in Orlando, Florida and $595.00 in central California (where Plaintiff's lead counsel is located).  (See Exhibit C).  The United States Consumer Law Attorney Fee Survey Report (2011) revealed a small-firm average billing rate of $312.00 per hour for

10

Florida attorneys and $350.00 per hour for California attorneys. (See page 15 of Exhibit D).

A reasonable attorney's fee (in total) may be calculated by multiplying "a reasonable hourly rate" by "the number of hours reasonably expended on the litigation." (*Hensley v. Eckerhart*, 461 U.S. 424, 433). There is a strong presumption that this lodestar figure represents a reasonable fee; therefore, it is only in rare and exceptional circumstances that the lodestar method does not adequately take into account a factor that may properly be considered in determining that an enhancement above the lodestar calculation is appropriate. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010). Plaintiff's counsel has provided a detailed billing summary of the hours spent on the case including paralegal/staff hours. (See Exhibit E). Plaintiff's counsel made every effort to mitigate attorney's fees and resolve the case by way of settlement. Defendant failed to engage in pre-litigation settlement discussion upon receiving Plaintiff's demand letter. Defendant failed resolve the case by way of settlement after being served with the lawsuit.[1] Plaintiff's legal fees in obtaining a default judgment were thus necessarily incurred. Neither duplicative nor excess effort was expended.

Plaintiff's counsel has been awarded attorney's fees based on counsel's billing rate of $300.00 per hour in cases very similar to the current. Counsel's Fair Debt Collection Practices Act cases include the following attorneys fees from very similar default judgments: An award of $3,275.00 in *Beason v. Takhar Collection Services, Ltd.* (U.S. District Court for the Northern District of Illinois; case 12-cv-04160); $4,224.00 in *Ford v. Vandenberg, Chase and Associates, LLC.* (U.S. District Court for the Northern District of Alabama; case 12-cv-00947); $3,600.00 in *Friedlander v. National Credit Adjusters, LLC* (U.S. District Court for the Northern District of

---

[1] Attorney Charles Turner, in-house counsel for Defendant, contacted Plaintiff's counsel Attorney Amador on August 1, 2013. After a brief discussion of the case, Turner advised Amador that he would call back the following day. Not having received a call, Amador called Turner on August 6, 2013 at which time Turner advised Amador that Defendant "decided to use outside counsel."

11

Illinois; case 13-cv-05132); ($3,525.00 in *McGilton v. Vandenberg, Chase and Associates, LLC.* (U.S. District Court for the Eastern District of Kentucky; case 12-cv-00098); and $6,065.00 in *Fairchild v. C.M. Association Group et al.* (California Superior Court, Riverside; case RIC1210762).

Specifically with regards to Fair Debt Collection Practices Act cases as the one before this Court, decisions from jurisdictions across the country have consistently awarded attorneys' fees based upon hours reasonably expended and billed as a reasonable rate. A common result from Fair Debt Collection Act cases is that attorneys' fees are disproportionately greater than the $1,000 maximum statutory damages recoverable. However, such a disproportionate outcome does not render necessarily expended time as unreasonable. Courts have consistently awarded attorneys' fees based on time reasonably expended regardless of the underlying recovery. Examples include $23,421 in fees awarded on $1,500 settlement recovery (*Bryant v. TRW*, 689 F.2d 72); $69,872 in fees awarded on $1,000 recovery, (*Gradisher v. Check Enforcement Unit*, WL 187416, W.D. Mich., 2003); and $43,180 in fees awarded on $1,000 recovery, (*Armstrong v. Rose Law Firm, P.A.*, 2002 WL 31050583, D.Minn. 2002).

The fee-shifting effect of 15 U.S.C. 1692k allows victims of FDCPA violations to retain counsel where they would not otherwise be able to do so. Due to the maximum $1,000 recovery applicable to most claims, a contingency-fee arrangement would not realistically allow a Plaintiff to attract counsel. Similarly, paying counsel out-of-pocket would be unrealistic based on a possible recovery of $1,000.00. Enforcement of the FDCPA often hinges on consumer attorneys willing to represent plaintiffs based exclusively on the prospect of obtaining a reasonable attorney's fee award under 15 U.S.C. 1692k. Indeed, in the present case Plaintiff's counsel did

not charge Plaintiff an out-of-pocket fee for representation.

## V. CONCLUSION

Plaintiff respectfully requests that this Honorable Court enter Default Judgment against Defendant in the amount of $1,000 in statutory damages, $3,000.00 in actual damages, $17.92 in costs, and $3,742.92 in attorney's fees.  Entry of judgment for the damages sought comports with the public policy behind the Fair Debt Collection Practices Act, namely to provide consumers with a worthwhile remedy against unlawful collection activity.

Date: December 23, 2013

                                              Respectfully submitted,

                                              s/ Robert Amador
                                              ROBERT AMADOR, ESQ.
                                              Attorney for Plaintiff KIMBERLY LANE
                                              Centennial Law Offices
                                              9452 Telephone Rd. 156
                                              Ventura, CA. 93004
                                              (888)308-1119 ext. 11
                                              R.Amador@centenniallawoffices.com