**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KIMBERLY LANE,**

            Plaintiff,

-vs-                                          Case No.  6:13-cv-530-Orl-18GJK

**ACCREDITED COLLECTION AGENCY, INC.,**
**ACA RECOVERY; KELLY GREY; AND DOE 1-5,**

            Defendants.

_____

# AMENDED REPORT AND RECOMMENDATION[1]

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF ENTRY OF DEFAULT JUDGMENT AND ATTORNEYS FEES (Doc. No. 31)** |
| **FILED:** | December 30, 2014. |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part.** |

---

[1] The report and recommendation (Doc. No. 32) is amended solely to correct certain typographical and citation formatting errors.

1

I. **BACKGROUND.**

On April 1, 2013, Kimberly Lane (the "Plaintiff"), filed a four count complaint (the "Complaint") against Accredited Collection Agency, Inc. (the "Defendant"), ACA Recovery, Kelly Grey, and Does 1-5 alleging violations of the Fair Debt Collection Practices Act ("FDCPA" or the "Act"), 15 U.S.C. § 1692 *et. seq*, by Defendant in its attempts to collect an alleged debt from Plaintiff. Doc. No. 1.[2]

Plaintiff alleges that Defendant began contacting her in April of 2012. Doc. No. 1 at ¶ 7. Between April and June 2012, Defendant called Plaintiff at work, threatening to come to her place of employment, serve her with a subpoena, and/or have Plaintiff arrested. *Id*. at ¶ 8. In June of 2012, Defendant contacted Plaintiff again at work. *Id*. at ¶ 9. Plaintiff told Defendant "that such calls to her work number were prohibited [by law] and asked [Defendant] to remove her work number from [its] contact list." *Id*. Defendant stated that it would not call her work number again, but that Plaintiff needed to give Defendant a call. *Id*.

On July 12, 2012, Defendant left a voicemail message for Plaintiff at her place of employment asking Plaintiff to return the call. *Id*. at ¶ 10. On July 20, 2012, Defendant again left a voicemail message at Plaintiff's work, stating that the matter needed to be resolved "today," and if it was not resolved, then Defendant would "submit documents to pursue the debt because you are showing no interest whatsoever with this account." *Id*. at ¶ 11.

On August 6, 2012, Defendant left a voicemail message with one of Plaintiff's co-workers. *Id*. at ¶ 12. Due to Defendant's contact with Plaintiff at work, Plaintiff allegedly "became

---

[2] On December 16, 2013, ACA Recovery, Kelly Grey, and Does 1-5 were voluntarily dismissed from this action. Doc. No. 30.

distraught and very concerned with the possibility of her employment being terminated." *Id*. Plaintiff alleges that Defendant never provided her with "the debt validation information required pursuant to 15 U.S.C. § 1692g." Doc. No. 1 at ¶ 13.  As a result of Defendant's actions, Plaintiff retained counsel. *Id*. at ¶ 14.

In Count I, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692g by failing to send her the required debt validation information within 5-days of Defendant's initial contact with Plaintiff.  Doc. No. 1 at ¶ 16.  In Count II, Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692d(6) and 1692e(11) by failing to "state the name of their company, that the calls were from a collection company, and the calls were being made in an attempt to collect a debt."  Doc. No. 1 at ¶ 17.  In Counts III and IV, Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692e(4), (5), and (10), as well as 15 U.S.C. § 1692f, by misrepresenting and threatening Plaintiff that the debt was actually being litigated, she would be served with process, and by implying that nonpayment of the debt would result in Plaintiff's arrest.  Doc. No. 1 at ¶¶ 18-19.  In the Complaint, Plaintiff seeks actual damages, statutory damages, attorneys' fees and costs, and prejudgment interest.  Doc. No. 1 at 6.

After being properly served, Defendant failed to respond to the Complaint.  *See* Doc. No. 24.  On August 22, 2013, the Clerk of the Court entered default against Defendant.  Doc. No. 28.  On December 30, 2013, Plaintiff filed a motion for default judgment (the "Motion") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  Doc. No. 31.

In the Motion, Plaintiff requests a judgment against the Defendant in the total amount of $7,742.92, representing $1,000.00 in statutory damages; $3,000.00 in actual damages, $3,742.92 in attorneys' fees, and $17.92 in costs.  Doc. No. 31 at 1, 13.  However, the total amount of

damages, attorneys' fees, and costs actually equals $7,760.84. It appears, that Plaintiff failed to account for $17.92 in costs when calculating the total amount of the judgment requested. ($7,760.84 - $7,742.92 = $17.92). The Plaintiff's error in calculating the total amount of the judgment requested appears to be a typographical error, which is easily corrected by the Court and does not require supplemental briefing.

In support of the Motion, Plaintiff attaches: (1) her affidavit regarding the factual allegations and Plaintiff's actual damages (Doc. No. 31-7 at 1-2); (2) the affidavit of her counsel regarding the reasonableness of the hourly rates requested (Doc. No. 31-6 at 2-3); (3) a detailed time sheet showing each task performed, whether it was performed by an attorney or paralegal, and the hourly rate of the individual performing the task (Doc. No. 31-5 at 2-3); (4) the United States Consumer Law Attorney Fee Survey Report 2010-2011 (Doc. No. 31-4 at 2-67); and (5) a 2007 attorney fee billing survey (Doc. No. 31-3 at 2-4). Plaintiff also attaches a memorandum of law in support of the claims she asserts in each count, the damages claimed, and the amount of attorneys' fees and costs requested. Doc. No. 31 at 4-13.

## II.     STANDARD OF REVIEW.

"[A] defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 206 (5th Cir. 1975).[3] A default judgment may be entered only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu*, 515 F.2d at 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Therefore, a court must examine the sufficiency of the allegations in the complaint to determine whether a default judgment is warranted. *Kwasnik v. Charlee Family Care Servs. of Cent. Fla.*, Case No. 6:08-cv-926-Orl-31KRS, 2009 WL 1607809, at *3 (M.D. Fla. June 9, 2009) (citing *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988)).

"While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly,* 550 U.S. at 555. A plaintiff must plead enough facts to state a plausible, and not merely conceivable, basis for the claim. *Id.* "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 622, 129 S.Ct. 1937, 1950 (2009)).

A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515 F.2d at 1206). If a default judgment is warranted, the court may hold a hearing for purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Fed. R. Civ. P. 55(b)(2)). A hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id*.

### III.  ANALYSIS.

**A. Entitlement to Judgment.**

With respect to Count I, both the Complaint and the Motion allege that Defendant failed to comply with 15 U.S.C. § 1692g(a)'s notice and validation requirements.  Doc. Nos. 1 at ¶¶ 13, 16; 31 at 4-5.  Section 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).  Plaintiff has sufficiently pled a violation of the notice and validation requirements of Section 1692g(a) and, therefore, Plaintiff is entitled to an award of statutory damages.  *See Rivera v. Amalgamated Debt Collection Services, Inc.*, 462 F. Supp. 2d 1223, 1227-28 (S.D. Fla. 2006) ("a single violation of the statute is sufficient to establish civil liability," and

finding a violation of the notice validation requirements of Section 1692g).  Accordingly, it is recommended that the Court find that Plaintiff is entitled to default judgment as to Count I.

With respect to Count II, Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692d(6) and 1692e(11) by leaving voicemail messages that failed to state Defendant's name, that Defendant was a collection agency, and that the calls were made in an attempt to collect on a debt. Doc. Nos. 1 at ¶¶ 10-11, 13, 17; 31 at 5-6.  In the Complaint, Plaintiff states that Defendant left the following two voicemail messages, respectively, on July 12 and 20, 2012:

> Hi Kimberly, this is Kelly Grey and I'm asking you to please return my call. My number is 800-356-3713. Reference number 99FJ5B. Thank you. . . .
>
> Hi Ms. Lane, this is Kelly Grey.  I'm calling regarding our conversation on July 12th. Ma'am, this has to be resolved today. If I don't hear from you today. . . . don't tell me you're no longer employed with the company because I know that you are. Please contact me at 800-356-3713 and reference number 99FJ5B. I will submit documents to pursue the debt because you are showing no interest whatsoever with this account. Thank you.

Doc. No. 1 at ¶¶ 10-11.  In the July 12, 2012 voicemail message, Defendant's representative did not identify the Defendant or that the communication was intended for the purpose of collecting a debt. Doc. No. 1 at ¶ 10. In the July 20, 2012 voicemail message, Defendant's representative did not identify the Defendant or directly state that the purpose of the call was an attempt to collect a debt.

15 U.S.C. § 1692d(6) provides that it is a violation of the Act to place telephone calls in an attempt to collect on a debt "without meaningful disclosure of the caller's identity." *Id.*  15 U.S.C. § 1692e(11) provides that the following is a violation of the Act:

> The failure to disclose in the initial written communication with the

> consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

*Id.* Thus, Section 1692e(11) provides that is a violation of the Act to fail to disclose in the initial communication that the debt collector is attempting to collect a debt and, in subsequent communications to fail to disclose that the communication is from a debt collector. *Id.*

The Eleventh Circuit has held that voicemail messages constitute communications under the Act. *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1351, 1353, n.3 (11th Cir. 2009). Courts have found that a defendant violates Section 1692d(6) if, in the voicemail message, the Defendant's employee does not accurately disclose the name of the debt collection agency and explain the nature of its business. *See Beeders v. Gulf Coast Collection Bureau*, 796 F. Supp. 2d 1335, 1339 (M.D. Fla. 2011), *aff'd*, 432 F. App'x 918 (11th Cir. 2011); *Wood v. GC Services, LP*, 2012 WL 995207, at *2 (M.D. Fla. Mar. 23, 2012); *Valencia v. Affiliated Group, Inc.*, 2008 WL 4372895, at *3 (S.D. Fla. Sept. 24, 2008) (citing authority). Thus, "[c]ourts construing Section 1692d(6) have uniformly held that it requires a debt collector to disclose the caller's name, the debt collection company's name, and the nature of the debt collector's business." *Valencia*, 2008 WL 4372895, at *3 (internal quotation and citation omitted). For example, in *Valencia*, the court found that the following voicemail message violated Section 1692d(6):

> This is Heather with Affiliated Credit Services. I would like a return call as soon as possible at 800-264-2439. Again this is Heather with Affiliated Credit Services. My number is 800-264-2439. Thank you.

*Id.* at *3 (internal quotations omitted). The court determined that the message failed to state the nature of the Defendant's business and, therefore, the voicemail violated Section 1692d(6). *Id*.

In this case, neither of the voicemail messages identify the Defendant nor do they identify it as a debt collection agency. Doc. No. 1 at ¶¶ 10-11. The July 12, 2012, voicemail message also clearly fails to identify that the purpose of the call was an attempt to the collect a debt. Doc. No. 1 at ¶ 10. The July 20, 2012, voicemail messages does not clearly state that the purpose of the call is an attempt to collect a debt, but it is implicit in the message. Doc. No. 1 at ¶ 11. Nevertheless, both the July 12 and 20, 2012 voicemails violate Section 1692d(6). *See supra* p. 8 (citing authority). Accordingly, it is recommended that the Court find that Plaintiff is entitled to default judgment as to Count II.[4]

In Counts III and IV, Plaintiff maintains that the Defendant violated 15 U.S.C. §§ 1692e (specifically, subsections (4), (5), and (10)) and 1692f, by misrepresenting and threatening Plaintiff that her alleged debt was actually being litigated and that she would be served with process and by implying that non-payment would result in Plaintiff's arrest. Doc. No. 1 at ¶¶ 18-19. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the forgoing, the following conduct is a violation of this section:
>
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

---

[4] Because Plaintiff is entitled to judgment as to Count II under Section 1692d(6), it is unnecessary to determine whether those same voicemail messages also violate Section 1692e(11).

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

*Id*. False, deceptive, or misleading representations under § 1692e are analyzed under a least sophisticated consumer standard, which requires the Court to inquire whether such a consumer would be deceived or misled by the debt collector's conduct. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985). In both the Complaint and in her affidavit, Plaintiff alleges that "[a]t various times between April and June 2012, [Defendant] called me at work threatening to come to my place of employment, serve me with a subpoena, and/or have me arrested." Doc. Nos. 1 at ¶ 8; 31-7 at ¶ 3. Courts have found that an uncontested allegation that a debt collector threatened a consumer with arrest for failure to pay the debt establishes a violation of § 1692e(4). *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2008 WL 3540374, at *5 (M.D. Fla. Aug. 12, 2008) (citing authority). Accordingly, it is recommended that the Court find Plaintiff is entitled to judgment as to Count III.

    15 U.S.C. § 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
>
> (2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless

such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

(3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--

    (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

    (B) there is no present intention to take possession of the property; or

    (C) the property is exempt by law from such dispossession or disablement.

(7) Communicating with a consumer regarding a debt by post card.

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

*Id*. In the Complaint and the Motion, Plaintiff fails to point to any specific facts warranting judgment under 1692f. *See* Doc. Nos. 1 at 1-6; 31 at 8. Accordingly, it is recommended that the Court decline to enter judgment with respect to Count IV.

Based on the forgoing, it is recommended that the Court find Plaintiff has pled a sufficient factual predicate to support a default judgment under Counts I through III.

## IV. DAMAGES.

### A. Statutory Damages.

Plaintiff seeks statutory damages in the amount of $1,000.00. Doc. No. 31 at 8. The FDCPA provides for statutory damages beyond actual damages in a maximum amount of $1,000.00. 15 U.S.C. § 1692k(a)(2)(A). Statutory violations are limited to a maximum of $1,000.00 per action, not per violation. *Harper v. Better Bus. Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992). In determining the amount of statutory damages to award, a court considers "the frequency and persistence of noncompliance by the debt collector, the nature of the noncompliance, and the extent to which the noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

In *Montgomery*, 2008 WL 3540374, at *3-4, 9-10, the court awarded $500.00 in statutory damages where the defendant repeatedly threatened to arrest the plaintiff and her mother if the debt was not paid, but the frequency of the calls was relatively minimal. *Id*. Similarly, in *Titus v. Commercial Recovery Sys., Inc.*, No. 8:13-cv-567-T-27-AEP, 2014 WL 55016, at *3 (M.D. Fla. Jan. 7, 2014), the court awarded $500.00 in statutory damages where the defendant called the plaintiff and her relatives on various, but infrequent occasions threatening civil litigation and garnishment. *Id*. In this case, the Defendant: (1) called Plaintiff at her place of employment at various, but an unspecified number of times, between April 2012 and August 2012; (2) falsely threatened to have Plaintiff arrested, to come her work, and to serve her with a subpoena; (3) contacted one of Plaintiff's co-workers; and (4) left two voicemail messages with Plaintiff at work

that failed to identify the Defendant as a debt collector.  *See* Doc. No. 1; 31-7.  Plaintiff has demonstrated an entitlement to statutory damages as a result of the Defendant's intentional noncompliance with the Act, and this Court views Defendant's misconduct as being on the higher end of the scale of egregiousness due to the fact Plaintiff advised Defendant that contacting her at work was illegal, but Defendant continued to do so and even contacted one of Plaintiff's co-workers.  Accordingly, it is recommended that the Court award Plaintiff $750.00 in statutory damages.

### B. Actual Damages.

In the Complaint and Motion, Plaintiff requests $3,000.00 in actual damages for emotional distress.  Doc. Nos. 1 at 6; 31 at 9; 31-7 at 2.  In her affidavit, Plaintiff states:

> The continued calls to my work put my employment in jeopardy.
> As a result I suffered from nervousness, anxiety, and lack of sleep.
> I was gravely concerned and distressed with [Defendant's] threats
> and calls to my workplace and obtained counsel . . . .

Doc. No. 31-7 at ¶ 6.  This statement is the only direct allegation related to Plaintiff's claim of emotional distress.  Doc. Nos. 1, 31, 37-2.

Under the Act, "actual damages include damages for emotional distress." *Titus*, 2014 WL 55016, at *2 (citing *Minnifleld v. Johnson & Freedman, LLC*, 448 F. App'x 914, 916 (11th Cir. 2011)).  Other than stating that she was "distraught" over the possibility of being fired and "gravely concerned and distressed" about Defendant's threats and telephone calls to Plaintiff's place of employment, the Complaint is void of any specific facts supporting a claim for actual damages for emotional distress.  *See* Doc. No. 1 at ¶¶ 12, 14.  Similarly, Plaintiff's affidavit simply lists a number of symptoms, such as nervousness, anxiety, and lack of sleep, but it fails to supply

13

any competent evidence, such as medical records or even a statement that Plaintiff resorted to taking over the counter medications, either of which would support her claim for emotional distress. *See* Doc. No. 31-7 at ¶ 6. Where a plaintiff comes forth with only blanket statements and a list of symptoms, courts in the Middle District of Florida have declined to award actual damages for emotional distress. *See Montgomery*, 2008 WL 3540374, at *8-9 (finding plaintiff's listed symptoms insufficient to award actual damages); *Titus*, 2014 WL 55016, at *2 (blanket statement of suffering emotional distress does not establish basis for an award of actual damages). The undersigned finds *Montgomery* and *Titus* factually analogous to this case and is persuaded by their analysis. Accordingly, it is recommended that the Court not award any actual damages.

## V. ATTORNEYS' FEES AND COSTS.

In the Motion, Plaintiff requests that the Court award $3,742.92 in attorneys' fees and $17.92 in costs. Doc. No. 31 at 13. In the Eleventh Circuit, the reasonableness of the attorneys' fees requested is generally determined using the familiar lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *See Norman v. Housing Auth. of the City Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). In making such determinations, the court is an expert on the issues of the prevailing market's reasonable hourly rates for similar work and hours expended. *Norman*, 836 F.2d at 1303; *Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994).

In the Motion and attached affidavit, Plaintiff requests that the Court award a reasonable

14


hourly rate of $300.00 for both attorneys who worked on this case, and award a reasonable hourly rate of $50.00 for the paralegals who worked on this case. Doc. Nos. 31 at 10; Doc. No. 31-6 at ¶ 6. The time sheet attached to the motion does not state which attorney performed each task but does describe each task performed, the amount of time expended, and whether the individual performing the task was an attorney or paralegal. Doc. No. 31-5 at 2. The chart below reflects the total amount of attorney and paralegal time expended on this case, the hourly rate requested, and the total amount requested:

| Attorney/Paralegal | Hours | Rate | Total |
| --- | --- | --- | --- |
| Attorney | 10.9 | $300.00 | $3,270.00 |
| Paralegal | 9.1 | $50.00 | $455.00 |
| **TOTAL** | | | **$3,725.00** |

Doc. No. 31-5 at 2-3. The time sheet reflects $3,725.00 in attorneys' fees, while the Motion states that the total attorneys' fees requested is $3,742.92. *Compare* Doc. No. 31-5 at 2-3 *with* Doc. No. 31 at 13. It appears that Plaintiff added the costs of $17.92 twice -- once in calculating the amount of attorneys' fees requested and then again in requesting recovery for costs.

In the Motion and attached affidavit, Plaintiff's counsel states that he represents plaintiffs across the country in FDCPA cases and that he regularly bills his clients at a rate of $300.00 per hour. Doc. Nos. 31 at 10; 31-6 at 3. Plaintiff states that local counsel was retained at the rate of $300.00 per hour. Doc. No. 31 at 10. Plaintiff also attaches the United States Consumer Law Attorney Fee Survey Report 2010-2011 (Doc. No. 31-4 at 2-67); and a 2007 attorney fee billing survey (Doc. No. 31-3 at 2-4), which indicate that a reasonable hourly rate is around $300.00 per


hour. Doc. Nos. 31-3 at 4; 31-4 at 26.

While this was not a complex case, the undersigned finds that the hourly rates requested for the attorneys in this case ($300.00) and the hours expended (10.9) are reasonable.[5] Similarly, the undersigned finds that the hourly rate ($50.00) and the hours expended (9.1) for the paralegals in this case are reasonable. Accordingly, it is recommended that the Court award Plaintiff attorneys' fees in the amount of $3,725.00.

In the Motion, Plaintiff requests an award of $17.92 in costs, representing $10.00 for the pro hac vice fee, and $7.92 for mailing costs. Doc. No. 31-5 at 3. The costs requested are governed by 28 U.S.C. § 1920, which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

---

[5] Based on the time sheet, it appears that local counsel only expended 1.0 hour of work on the case. Doc. No. 31-5 at 2.

28 U.S.C. § 1920. As set forth above, Plaintiff requests an award $10.00 for the pro hac vice fee. Doc. No. 31-5 at 3. "As other courts have recognized, the pro hac vice fee is an expense of counsel, not the client, and is thus not properly recoverable under 28 U.S.C. § 1920 as fees of the clerk." *Hernandez v. Motorola Mobility, Inc.*, No. 12-cv-60930-CIV, 2013 WL 4773263, at *5 (S.D. Fla. Sept. 4, 2013) (quoting and citing authority). Thus, Plaintiff is not entitled to recover pro hac vice fees under Section 1920.

Plaintiff requests $7.92 in "mailing costs," which the undersigned construes as postage expenses. Doc. No. 31-5 at 3. However, postage expenses are not recoverable under § 1920. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). Thus, Plaintiff is not entitled to recover postage expenses under § 1920.

Based on the forgoing, it is recommended that the Court decline to award Plaintiff any of the costs requested.

## VI. CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Court **GRANT in part and DENY in part** the Motion (Doc. No. 31) as follows:

1. Enter a default judgment against Defendant;

2. Award Plaintiff a total of $4,475.00, representing $750.00 in statutory damages and $3,725.00 in attorneys' fees;

3. Otherwise **DENY** the Motion; and

4. Direct the Clerk to enter judgment in favor of Plaintiff and against Defendant in the amount of $4,475.00.

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If Plaintiff has no objection to this report and recommendation, she may promptly file a notice of no objection.**

**RECOMMENDED** in Orlando, Florida on April 25, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties